

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-22-00862-CR & 04-22-00863-CR

Adrian **JACOBO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2018CR9781 & 2019CR7306
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: February 15, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant Adrian Jacobo filed a notice of appeal on December 21, 2022 in Cause Nos. 2018CR9781 and 2019CR7306. The Texas Rules of Appellate Procedure require a notice of appeal to state the judgment or order appealed from. TEX. R. APP. P. 25.2(c)(2). Appellant's notices of appeal do not state the judgment or order he wishes to appeal or any date thereof. The clerk's records show the State filed a "Motion to Enter Adjudication of Guilt and Revoke Community Supervision (Adult Probation)" on September 7, 2022. The records further show that prior to any

judgment on the motions in both matters, the matters were referred to a criminal law magistrate on a "Motion for Examination of Competency."[1]

Because the clerk's records do not contain an appealable judgment or order, we ordered appellant to show cause no later than January 23, 2023, why these appeals should not be dismissed for lack of jurisdiction. We cautioned appellant if he failed to satisfactorily respond within the time provided, the appeals would be dismissed. *See* TEX. R. APP. P. 42.3(c). We further advised appellant if a supplemental clerk's record was required to establish this court's jurisdiction, he was required to ask the trial court clerk to prepare one and notify the clerk of this court that such a request was made. Appellant did not file a response or supplemental clerk's record in either of these appeals.

Accordingly, these appeals are dismissed.

PER CURIAM

Do Not Publish

---

[1] The records contain an order of deferred adjudication dated September 23, 2019, but to the extent appellant filed his December 21, 2022 notice of appeal to appeal the September 23, 2019 order more than three years later, it is untimely and appellant filed no motion for extension of time. *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(b); TEX. R. APP. P. 26.2(a)(1), 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Whillhite v. State*, 627 S.W.3d 703, 705 (Tex. App.—Austin 2021, pet. ref'd) (defendant placed on deferred adjudication may raise issues relating to original plea proceeding, including evidentiary sufficiency, only in appeal taken when deferred adjudication first imposed).